UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIMA BUMU, also known as
Soumaila Koita,

              Petitioner,

        v.

WILLIAM P BARR, in his official
capacity as Attorney General, U.S.
Department of Justice, CHAD WOLF, in
his official capacity as Acting Secretary,
U.S. Department of Homeland Security,
THOMAS E. FEELEY, in his official
capacity as Field Office Director, Buffalo
Field Office, U.S. Immigration &
Customs Enforcement, and JEFFEREY
SEARLS, in his official capacity as
Facility Director, Buffalo Federal
Detention Facility,

              Respondents.

_____

**ORDER**

6:20-CV-06742-EAW

## **INTRODUCTION**

      Petitioner Brima Bumu ("Petitioner"), a civil immigration detainee, filed a petition

for a writ of habeas corpus in this Court on September 18, 2020, challenging the

constitutionality of his continued detention. (Dkt. 1). On November 1, 2020, he filed an

emergency motion for temporary restraining order and preliminary injunction that seeks an

emergency writ staying his removal from the United States to Mali, which Petitioner asserts

is scheduled for November 3, 2020. (Dkt. 5). By Text Order dated November 1, 2020, the

Court directed the Government to respond to the motion no later than noon on November

- 1 -

2, 2020 (Dkt. 6), which it has done (Dkt. 7), and Petitioner has filed a reply (Dkt. 8). The matter is now ripe for resolution.

## BACKGROUND

As grounds for the relief sought, Petitioner contends that he is from Sierra Leone and his removal to Mali would violate his constitutional rights because he is not Malian, has no connection to Mali, and is concerned about the level of danger existing in Mali at this time. He argues that his order of removal, entered in November of 2007, directed that he be removed to Sierra Leone (Dkt. 7-1), and that he was deprived of a due process opportunity to be provided with a credible fear interview or any prospect to seek asylum before being removed to Mali. Although the underlying Petition describes in general terms Petitioner's concern about being removed to Mali, *see* Dkt. 1 at ¶ 11 ("Now it appears that respondents are trying to remove Petitioner to Mali, a country he is neither a citizen or national of and in which he has no significant ties."), as noted, the relief sought in the Petition arises not from the removal to Mali or the matters encompassed in the instant motion, but from claims that Petitioner's continued detention in U.S. Immigration and Customs Enforcement ("ICE") custody pending removal proceedings is in violation of the United States Constitution. *See generally* 8 U.S.C. § 1231(a)(1) (Attorney General, succeeded by the Secretary of Homeland Security for this purpose, must remove alien within 90 days of final order of removal); *id.* § 1231(a)(6) ("An alien ordered removed . . . may be detained beyond the [90-day] removal period. . . ."); *Zadvydas v. Davis*, 533 U.S. 678, 700-01 (2001) (presumptive limit to reasonable duration of detention under § 1231(a)(6) is six months).

## <u>DISCUSSION</u>

"In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction." *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997).

As the Second Circuit has explained:

In general, district courts may grant a preliminary injunction where a plaintiff demonstrates irreparable harm and meets one of two related standards: either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.

*Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quotations omitted).

Before considering the question of whether Petitioner has demonstrated either of these factors,[1] a threshold question is whether this Court has jurisdiction to grant the ultimate relief Petitioner seeks. The jurisdiction of this Court to hear challenges to removal proceedings is curtailed by the Immigration and Nationality Act (8 U.S.C. § 1101 *et seq.*) ("the Act"), as amended by the REAL ID Act of 2005, which limits habeas review of an order of removal and directs that a petition for review filed with a circuit court is "the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5).

---

[1]   In addition to the jurisdictional question discussed herein, Petitioner has not established that the matters raised in the instant motion, which seek relief outside of and separate from that sought in the underlying Petition, are appropriately before the Court. Nor has he addressed whether the relief sought would constitute a core or non-core habeas challenge affecting whether this District is the appropriate forum for the relief sought, considering that Petitioner has been held in ICE custody in Arizona since at least October 18, 2020. Because the Court concludes that the threshold jurisdictional issue is dispositive of its determination, it need not resolve these additional questions on the instant motion.

The Act further provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g).

"A stay of removal is a request to delay the execution of a removal order," and a "petitioner may not bypass the jurisdictional limitation of § 1252(g) to challenge the execution of a removal order 'because it was allegedly made based on unlawful considerations.'" *Troy v. Barr*, 822 F. App'x 38, 39 (2d Cir. 2020) (quoting *Ragbir v. Homan*, 923 F.3d 53, 64 (2d Cir. 2019)); *see also Edison v. Barr*, No. 6:19-CV-06683 EAW, 2020 WL 5098167, at *2 (W.D.N.Y. July 2, 2020) ("[T]o the extent Petitioner requested that this Court stay his removal, it lacked jurisdiction to consider that request."); *Frederick v. Feeley*, No. 19-CV-6090-FPG, 2019 WL 1959485, at *4 (W.D.N.Y. May 2, 2019) (district courts are without jurisdiction to grant stays of removal or entertain direct or indirect challenges to removal orders); *Barros Anguisaca v. Decker*, 393 F. Supp. 3d 344, 350 (S.D.N.Y. 2019) ("'[N]umerous courts in this Circuit have held . . . that a request for a stay of removal constitutes a challenge to a removal order, and that accordingly district courts lack jurisdiction to grant such relief.'" (quoting *Vidhja v. Whitaker*, No. 19 Civ. 613 (PGG), 2019 WL 1090369, at *3 (S.D.N.Y. Mar. 6, 2019))).

Petitioner argues that the instant motion is permissible nevertheless pursuant to 8 U.S.C. § 1252(f)(2), which provides that "[n]otwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order

is prohibited as a matter of law." In his motion, Petitioner relies on *Umuhoza v. U.S. Dep't of Homeland Sec.*, No. 3:05CV164, 2008 WL 11352573 (S.D. Ohio Aug. 28, 2008), as support for his contention that his removal would violate the Suspension Clause, which provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

Petitioner's Suspension Clause claim is without merit. First, the Suspension Clause is not implicated where Petitioner is seeking injunctive relief. *See Ahmed v. Barr,* No. 20-CV-395 (JLS), 2020 WL 2395694, at *3 (W.D.N.Y. May 12, 2020) ("[T]he Suspension Clause is not implicated where a petitioner like Ahmed is not seeking release from custody, but rather seeks only to prevent his removal from the United States."). Second, the provisions in the REAL ID Act provide an adequate and effective mechanism of judicial review, and Petitioner has not demonstrated any basis to conclude otherwise. *See Dep't of Homeland Sec. v. Thuraissigiam,* 140 S. Ct. 1959, 1967 (2020) (rejecting argument that limiting habeas review in expedited-removal proceeding violated Suspension Clause); *Luna v. Holder*, 637 F.3d 85, 87 (2d Cir. 2011) ("We hold that applying the 30-day filing deadline to Petitioners does not violate the Suspension Clause because the statutory motion to reopen process as described herein is an adequate and effective substitute for habeas review."); *Ahmed*, 2020 WL 2395694, at *3 (rejecting Suspension Clause argument where "[t]o the extent Ahmed's claims challenge his order of removal, he may pursue relief in the Second Circuit. And if Ahmed seeks to challenge *his detention* on constitutional grounds, he can file a habeas petition doing so. But in the instant case, this Court, pursuant to Section

1252, lacks jurisdiction to grant Ahmed a stay of removal in this context."); *Barros Anguisaca v. Decker*, 393 F. Supp. 3d 344, 352 (S.D.N.Y. 2019) (rejecting petitioner's Suspension Clause arguments where "even if the process leading to Barros's removal were fatally deficient, he has not shown, on the facts here, that the administrative remedies available to him, including, ultimately, a petition for review before the Second Circuit, are an inadequate or ineffective substitute for habeas review."); *Andoh v. Barr*, No. 19 CIV. 8016 (PAE), 2019 WL 4511623, at *4 (S.D.N.Y. Sept. 18, 2019) ("Finally, Andoh's Suspension Clause claim does not provide a basis for restoring this Court's jurisdiction over his claims challenging, directly or indirectly, his removal.  The federal courts of appeal, whose jurisdiction over removal claims has not been statutorily eliminated, supply an adequate substitute forum in which to seek relief.").  In particular, as Respondents note in their opposition to Petitioner's emergency motion, in this case Petitioner could have made a motion to reopen his immigration proceedings before either the immigration court or the Board of Immigration Appeals ("BIA"), and could have appealed the denial of any such motion to the Second Circuit.  (*See* Dkt. 7 at 5); *see also Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir. 2005) (on a petition for review, reviewing the BIA's denial of a motion to reopen even where the petitioner "did not timely petition for review of the . . . order of the BIA that affirmed the IJ's denial of her underlying asylum application").

In his reply, Petitioner contends that *Calderon v. Sessions*, 330 F. Supp. 3d 944 (S.D.N.Y. 2018), provides additional authority to support this Court's jurisdiction over the relief sought.  In *Calderon*, the district court stayed the petitioner's removal to allow him

to exhaust his right to pursue a provisional unlawful presence waiver based on its conclusion that petitioner was not challenging ICE's prosecutorial discretion to execute the removal order itself. *Id*. at 956. The petitioner in *Calderon* was not challenging the final order of removal—indeed, he agreed that it was valid—and instead challenged the legal authority to effectuate that order of removal when he had the right to seek the provisional unlawful presence waiver. Relying on that distinction, the *Calderon* court concluded that it had jurisdiction to stay the order of removal. *Id*. at 955-56

To the extent that *Calderon* stands for the proposition that a district court has jurisdiction to stay an order of removal, the Court disagrees that the present situation is factually analogous—particularly where here (unlike *Calderon*) Petitioner's underlying Petition pending before this Court has nothing to with any rights that Petitioner seeks to pursue before the Department of Homeland Security ("DHS") while the order of removal is pending. The Petition before this Court relates to the lawfulness of Petitioner's detention by ICE, and nothing else. Yet, Petitioner's arguments and the relief he presently seeks threaten the execution of the removal order and challenge ICE's discretionary decision to remove him to Mali. Immigration regulations provide:

> When a respondent is ordered removed from the United States, the immigration judge shall identify a country, or countries in the alternative, to which the alien's removal may in the first instance be made, pursuant to the provisions of section 241(b) of the Act. In the event that the Department of Homeland Security is unable to remove the alien to the specified or alternative country or countries, the order of the immigration judge does not limit the authority of the Department of Homeland Security to remove the alien to any other country as permitted by section 241(b) of the [Immigration and Nationality] Act.

8 C.F.R. § 1240.12(d).

Petitioner's current motion amounts to a challenge to that discretionary determination and falls within the ambit of those matters from which this Court is divested of jurisdiction. *See, e.g., Tonfack v. Attorney Gen. U.S.*, 580 F. App'x 79, 81 (3d Cir. 2014) (affirming district court's determination that it lacked jurisdiction over § 2241 petition claiming that DHS had improperly designated Cameroon as country to which the petitioner could be removed); *Kifle v. Holder*, 507 F. App'x 703, 703 (9th Cir. 2013) (deciding on a petition for review that "[e]ven though the IJ did not make a finding on the record that Ethiopia was an appropriate country for removal under 8 U.S.C. § 1231(b)(2), DHS had authority to designate it as such once it found that Sudan, the country designated in the IJ's order of removal, was unwilling to accept Petitioner.").  Having found that Petitioner had adequate avenues available to him to address his concerns—namely, he could have sought to reopen the proceedings before the immigration court or BIA and/or he could have attempted to pursue a petition for review before the Secord Circuit and/or he could have filed an asylum application long before filing an emergency motion before this Court on the eve of his removal—the Court concludes that Petitioner has not justified any basis for it to issue a stay.

## CONCLUSION

For the foregoing reasons, the Court concludes that it lacks jurisdiction to grant Petitioner a stay of his removal.  Accordingly, Petitioner's emergency motion for a temporary restraining order and preliminary injunction (Dkt. 5) is denied.

SO ORDERED.


ELIZABETH A. WOLFORD
United States District Judge


Dated:        November 3, 2020
              Rochester, New York